UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROMAN REINALDO,

                Plaintiff,

-against-

UNITED STATES OF AMERICA,

                Defendant.

21-CV-2072 (CM)

TRANSFER ORDER

COLLEEN McMAHON, United States District Judge:

      Plaintiff, currently detained in the Essex County Correctional Facility, located in Newark, New Jersey, is proceeding *pro se* and *in forma pauperis*. He raises claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Defendant violated his constitutional rights in the Essex County Correctional Facility. Plaintiff also seeks to assert claims on behalf of all federal detainees.[1] For the reasons set forth below, the Court transfers this action to the United States District Court for the District of New Jersey.

      Venue for a civil rights complaint brought under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) is determined according to the general venue provision, 28 U.S.C. § 1391. The general venue provision provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

---

[1] Plaintiff, as a *pro se* litigant, is not permitted to raise claims in this action on behalf of other federal detainees. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

Although venue is arguably proper here under § 1391(b)(1), because Plaintiff is detained in the District of New Jersey, and the events giving rise to his claims occurred there, under § 1391(b)(2), venue is also proper in the District of New Jersey. Accordingly, the Court transfers this action to the United States District Court for the District of New Jersey, "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); see *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis."); *Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Clerk of Court is further directed to transfer this action to the United States District Court for the District of New Jersey. A summons shall not issue from this Court. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 26, 2021
        New York, New York

                                            COLLEEN McMAHON
                                          United States District Judge